N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MIKEL R. PEEDE                                                    PLAINTIFF

vs.                          Civil No. 3:11-cv-03026

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Mikel R. Peede ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background**:

Plaintiff protectively filed his disability applications on September 24, 2007.  (Tr. 10, 118-

127).  In his applications, Plaintiff alleged he was disabled due to problems with his knees and back.

(Tr. 140).  At the administrative hearing in this matter, Plaintiff also alleged being disabled due to

depression.  (Tr. 31, 35).  Plaintiff alleged an onset date of August 1, 1995.  (Tr. 10).  These

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

applications were denied initially and again on reconsideration.  (Tr. 70-73).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 86-87, 26-67).  An administrative hearing was held on June 23, 2009 in Harrison, Arkansas.  (Tr. 26-67).  At the administrative hearing, Plaintiff was present and was represented by Frederick Spencer.  *Id.*  Only Plaintiff testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI), and had completed the eighth grade in school.  (Tr. 30).

On March 17, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications.  (Tr. 10-21).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 1997.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 1995, his alleged onset date.  (Tr. 12-13, Finding 3).  The ALJ determined Plaintiff had the following severe impairments: osteoarthritis of the lumbar spine; osteoarthritis of the knees; depression; morbid obesity; and alcohol abuse.  (Tr. 13, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 14-19, Finding 5).  First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible.  *Id.*  Second, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of unskilled sedentary work as

defined in 20 CFR 404.1567(a) and 416.967(a).  The claimant should not climb
ladders, ropes and scaffolds.  He can only occasionally climb ramps stairs, balance,
crouch, crawl, stoop and kneel.

(Tr. 14-19, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW.
(Tr. 19, Finding 6).  The ALJ then evaluated whether Plaintiff could perform other work existing in
significant numbers in the national economy.  (Tr. 20-21, Finding 10).  The ALJ based her findings
upon the responses of Vocational Expert ("VE") Sarah Moore to post-hearing interrogatories.  (Tr.
20).  Specifically, the VE stated that given all the limitations the ALJ found credible, a hypothetical
person would be able to work as a machine tender (unskilled, sedentary) with 18,100 such jobs in the
national economy and 247 such jobs in the local economy and assembler (unskilled, sedentary) with
31,000 such jobs in the national economy and 400 such jobs in the local economy.  *Id.*  Based upon
this finding, the ALJ determined Plaintiff could perform other work and had not been under a
disability, as defined in the Act, from August 1, 1995 through the date of her decision or through
March 17, 2010.  (Tr. 21, Finding 11).

On March 26, 2010, Plaintiff requested that the Appeals Council review the ALJ's
unfavorable decision.  (Tr. 116-117).  *See* 20 C.F.R. § 404.968.  On March 4, 2011, the Appeals
Council declined to review this disability determination.  (Tr. 1-3).  On March 31, 2011, Plaintiff filed
the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on July 8,
2011.  ECF No. 6.  Both Parties have filed appeal briefs.  ECF Nos. 10-11.  This case is now ready
for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged

4

in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In his appeal brief, Plaintiff raises the following two[2] arguments: (1) the ALJ failed to fully and fairly develop the record in his case and (2) the ALJ failed to properly identify and consider all of his severe impairments. ECF No. 10 at 14-26.[3] In response to these arguments, Defendant claims substantial evidence supports the ALJ's disability determination, the ALJ satisfied her duty to fully and fairly develop the record, and substantial evidence supports the ALJ's severe impairment determination. ECF No. 11 at 5-20. This Court will address both Plaintiff's arguments for reversal.

---

[2] Plaintiff also raises a final argument: "If the ALJ's decision denying benefits was not supported by substantial evidence that case must be reversed or remanded." ECF No. 10 at 23-24. Because this Court addresses this issue when considering the first and second arguments Plaintiff raised, this issue will not be addressed separately.

[3] Plaintiff's appeal brief was twenty-seven pages in length. ECF No. 10. Pursuant to the scheduling order entered in this case, Plaintiff's appeal brief was limited to twenty pages in length. Even though Plaintiff's appeal brief exceeded the page limitation for briefing, this Court declines to strike Plaintiff's appeal brief from the record in this case.

A.     ALJ's Development of the Record

Plaintiff claims the ALJ failed to develop the record in this case.   ECF No. 10 at 14-19.

Plaintiff makes several arguments in support of his claim: (1) the ALJ erred by not using a Medical

Expert ("ME") to evaluate whether he was disabled; (2) the ALJ erred by not ordering the additional

testing that was recommended by his physician, Dr. K. Simon Abraham; and (3) the ALJ erred by not

ordering an additional consultative examination.   *Id.*   Upon review, none of these arguments

demonstrate a remand is required.

First, Plaintiff claims a ME's opinion was required for the record to be fully developed.   ECF

No. 10 at 15.   At the administrative hearing in this matter, the ALJ suggested that she may need to

use a ME to evaluate this case:

> ALJ: And then I'll take a look at them [medical records from Ozarks Counseling
> Services].   *I'll see if I need to get an ME to look at all of this for me* and then I may
> have to send some interrogatories to Ms. Moore.   I'll be able to make a decision.   I'm
> not really clear.

(Tr. 61) (emphasis added).

However, as is apparent from the ALJ's opinion in this case, she did not contact a ME to assist

her in evaluating this case.   (Tr. 10-21).   Despite this fact, there is no requirement a ME be used to

evaluate a case or to determine whether a claimant is disabled.   Indeed, for an ALJ to fully develop

the record, that ALJ need only ensure the record contains sufficient evidence for him or her to make

an "informed decision."   *See Haley v. Massanari,* 258 F.3d 742, 749 (8th Cir. 2001).

In this case, the ALJ collected Plaintiff's medical records dating all the way back to 1999.  (Tr.

219-321). After reviewing the medical evidence, the SSA determined further record development was

necessary and ordered physical and mental consultative examinations.   (Tr. 219-228, 291-305).   The

record appears to be complete, and there has been no demonstration a ME was required for the ALJ

6

to make an "informed decision."

Further, in this case, Plaintiff has not demonstrated unfairness or prejudice resulting from the ALJ's failure to further develop the record and contact a ME.  ECF No. 10 at 14-19.  Such a showing is required in order for a case to be reversed and remanded.  *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand").  Accordingly, even assuming the ALJ erred by failing to contact a ME, this case should still not be reversed and remanded.  *See id.*

Second, Plaintiff claims his examining physician, Dr. K. Simon Abraham, M.D., recommended additional testing be performed, and the ALJ erred by not ordering that testing.  ECF No. 10 at 16. Dr. K. Simon Abraham examined Plaintiff on October 29, 2007 as a part of a consultative examination. (Tr. 219-228).  During that examination, Dr. Abraham diagnosed Plaintiff with several impairments, including "nicotine addiction."  (Tr. 226).  Dr. Abraham also noted the following in his report: "I would suggest he [Plaintiff] have an ECG & PF & possibly a stress test." *Id.*  Plaintiff claims the ALJ erred by failing to order these tests.

Despite Plaintiff's claim, a review of the record in this case demonstrates the SSA did order a Pulmonary Functioning (PF) test as suggested by Dr. Abraham.  This test was conducted on November 26, 2007 by the Cardiopulmonary Department of Baxter Regional Medical Center.  (Tr. 239-250).  During this test, Plaintiff reported he smoked cigarettes.  *Id.*  Plaintiff's pulmonary functioning was then tested.  Based upon the pulmonary testing, Plaintiff was found to have a "[p]ossible EARLY OBSTRUCTIVE PULMONARY IMPAIRMENT." (Tr. 240).  As a part of this examination, Plaintiff was then treated with bronchodilator therapy and his pulmonary functioning was tested again.  *Id.*  Plaintiff improved after this brief treatment.  *Id.*  Plaintiff was directed to continue bronchodilator therapy: "[T]his patient would most likely benefit from continued

7

bronchodilator therapy." *Id.*

Despite this improvement and the suggestion Plaintiff further seek treatment, there is no indication in the record Plaintiff continued to seek respiratory treatment. Such a failure to seek treatment indicates Plaintiff's condition is not disabling. *See Shannon v. Chater,* 54 F.3d 484, 486 (8th Cir. 1995) (a claimant's "failure to seek medical treatment may be inconsistent with a finding of disability").[4] There is also no indication Plaintiff even attempted to quit smoking in order to improve his respiratory functioning. Based upon this PF report, it appears the record was sufficiently developed for the ALJ to make an "informed decision." Thus, the ALJ was not required to order a stress test or an ECG. *See Haley,* 258 F.3d at 749. Also, as noted above, even if the ALJ erred by failing to order a stress test or ECG, Plaintiff has not demonstrated this failure resulted in bias or prejudice. Thus, no remand is required. *See Onstad,* 999 F.2d at 1234.

Third, Plaintiff claims the ALJ did not properly develop the record because the ALJ did not order an additional consultative examination. The record reflects that the ALJ ordered two consultative examinations. (Tr. 219-228, 291-305). As noted above, the physical examination was performed by Dr. K. Simon Abraham (Tr. 219-228) while the mental examination was performed by Stephen R. Harris, Ph.D. (Tr. 291-305). Plaintiff has not demonstrated these examinations are inadequate for the ALJ to make an "informed decision." Further, there has been no demonstration that this alleged failure to request an additional consultative examination has resulted in bias or prejudice. Accordingly, because Plaintiff has not demonstrated bias or prejudice, no remand is required. *See Onstad,* 999 F.2d at 1234.

---

[4] Plaintiff seeks to excuse his failure to seek treatment by claiming he was unable to afford such treatment. Plaintiff's father, however, had sufficient funds to provide him the money to support a 2-pack-a-day of cigarettes habit and nightly six-pack-of-beer habit. (Tr. 57-58). Thus, he presumably had sufficient funding to provide Plaintiff with some medical treatment.

### B.    Severe Impairment Determination

Plaintiff claims the ALJ improperly evaluated his severe impairments. ECF No. 10 at 19-27. Specifically, Plaintiff claims the ALJ improperly evaluated his mental impairments, including his depression, "tactile hallucinations," bipolar disorder II (psychotic/severe), and pain disorder. *Id.* at 23. As an initial matter, the ALJ *did find* Plaintiff's depression was a severe impairment. (Tr. 13, Finding 3). Because the ALJ found his depression was a severe impairment, Plaintiff's claim regarding his depression is without merit.

As for Plaintiff's other allegedly "severe impairments" (tactile hallucinations, bipolar disorder, and pain disorder), he did not specifically allege any of these impairments in his applications or at the administrative hearing in this matter. In his applications, he alleged being disabled due to problems with his knees and back. (Tr. 140). At the hearing in this matter, he included depression in that list of disabling impairments. (Tr. 31). During the administrative hearing, he also described his depression, indicating he had concentration problems, suicidal thoughts, and auditory hallucinations. (Tr. 44). Because he indicated all of these symptoms were a part of his depression and because he did not specifically allege any of these impairments were disabling in his application or at the hearing in this matter, the ALJ was under no duty to separately investigate these allegedly disabling impairments. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (holding the ALJ is "under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'") (citation omitted).

Further, even if he had properly alleged these impairments were disabling, Plaintiff has not presented any evidence demonstrating these alleged impairments are severe. For "tactile hallucinations," Plaintiff has presented no evidence he suffers from this impairment or that it is

severe.[5]   For bipolar disorder, the only evidence Plaintiff has presented indicating he was even diagnosed with this impairment is from a Licensed Master Social Worker ("LMSW").  (Tr. 312). Such a person is not an "acceptable source" for determining disability.  *See* 20 C.F.R. § 404.1513. Thus, this counseling record does not establish Plaintiff's alleged bipolar disorder was a severe impairment.

Finally, for "pain disorder," Plaintiff has provided the results from the mental evaluation performed by Dr. Stephen R. Harris, Ph.D.  (Tr. 296).  Dr. Harris found Plaintiff would have limitations in his ability to cope with basic work-like tasks and limitations in his ability to perform work-like tasks in an acceptable time frame due to his "perception of pain."  *Id.*  While this Court acknowledges the concept of "pain" may have both a physical and mental component, the ALJ fully considered Plaintiff's allegedly disabling pain when considering his physical impairments.  Indeed, the ALJ determined Plaintiff had the severe impairments of osteoarthritis of the lumbar spine and osteoarthritis of the knees and fully evaluated those impairments in determining Plaintiff's RFC.  (Tr. 13).  Thus, this Court finds Plaintiff's claim on this issue is also meritless.

**4.**     **<u>Conclusion</u>:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of May, 2012.**

/s/   Barry A. Bryant
                        HON. BARRY A. BRYANT
                        U.S. MAGISTRATE JUDGE

---

[5] It appears that at the hearing in this matter, Plaintiff alleged *auditory*, not *tactile*, hallucinations.  (Tr. 44). During counseling, Plaintiff indicated he suffered from tactile hallucinations.  (Tr. 307).  Plaintiff, however, never addressed this issue at the administrative hearing in this matter.  (Tr. 26-67).